**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Arthur Lee Hairston Sr.,**
**Plaintiff Below, Petitioner**

**vs)   No. 20-0326** (Berkeley County 20-AA-2)

**West Virginia Department of**
**Health and Human Resources**
**Board of Review,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Arthur Lee Hairston Sr. appeals the April 21, 2020, order of the Circuit Court of Berkeley County affirming the February 11, 2020, decision of the West Virginia Department of Health and Human Resources Board of Review ("Board" or "Board of Review") to uphold (1) the closure of petitioner's Medicare premium assistance benefits; and (2) the denial of petitioner's application for Supplemental Nutrition Assistance Program ("SNAP") benefits. Respondent West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The appendix record of the underlying proceedings submitted by petitioner in support of his appeal is sparse and includes only (1) the Board of Review's February 11, 2020, decision; (2) the parties' pleadings filed in petitioner's appeal from the Board's decision to the Circuit Court of Berkeley County; and (3) the circuit court's April 21, 2020, order affirming the February 11, 2020, decision. From the appellate record, we glean the following: Petitioner received Medicare

1

premium assistance benefits as part of the Qualified Individual-1 ("QI-1") program under which the only benefit was the payment of the Medicare Part B premium.[1] On November 21, 2019, as part of an annual review of petitioner's eligibility for the QI-1 program, he submitted a review form to the DHHR. As income attributable to petitioner, the DHHR included his Social Security Disability Insurance benefits in the amount of $553 per month and his wife's "deemed" income in the amount of $1,726.47 per month for a total of $2,279.47 per month. Pursuant to Section 3.15.3.D of the DHHR's Income Maintenance Manual ("IMM"), where there is an eligible individual with an ineligible spouse with income "deemed" to be the eligible individual's income, "[t]he income limit for two persons is used."[2] The two-person income limit was $1,903 per month. Accordingly, on December 9, 2019, the DHHR notified petitioner that it was closing his case for Medicare premium assistance benefits under the QI-1 program.

Also, in November of 2019, as a result of loss of employment, petitioner applied to the DHHR for SNAP benefits. Pursuant to Section 3.2.1.A.2 of the IMM, spouses are included in the same assistance group ("AG"). Additionally, pursuant to appendix A of the IMM's chapter 4, the net income limit for a two-person AG was $1,437. In petitioner's case, the net adjusted income of his AG was $3,220.36. Accordingly, on December 9, 2019, the DHHR notified petitioner that his SNAP application was denied. On December 12, 2019, petitioner appealed both the closure of his Medicare premium assistance benefits case and the denial of his SNAP application to the Board of Review.

On February 5, 2020, the Board held a hearing in the matter and concluded that petitioner challenged the closure of his Medicare premium assistance benefits case and the denial of his SNAP application as "discriminatory and unconstitutional." The Board found that

> [petitioner] testified that he was not contesting the amounts used in the denials. However, he felt that [the] policy was discriminatory and unconstitutional as it does not allow for "individual happenstance" and "debt obligation of individuals." He further testified that he disagreed with [the] policy which mandates that his wife be included in the SNAP benefits, stating he only applied for SNAP, not his wife. The inclusion of his wife in the SNAP AG, he argued, promotes conflict and divorce.

---

[1]According to Section 23.12.3 of the DHHR's Income Maintenance Manual, to participate in the QI-1 program, an individual "must be entitled in any of the following three ways: [(1)] By being age 64 years and 9 months old or older; [(2)] By having been totally and continuously disabled and receiving RSDI or Railroad Retirement benefits for 24 months or longer; or [(3)] By having end-stage renal disease."

[2]The IMM, also referred to as the Economic Services Manual, is incorporated by reference into the West Virginia Code of State Rules pursuant to W. Va. Code R. § 78-4-2.

There was no evidence or testimony to show that [petitioner]'s wife should have been excluded . . . from the SNAP AG. On the contrary, it appears by [petitioner]'s testimony that his spouse must be included in his SNAP AG.

Regarding [petitioner]'s contention that [the] policy does not allow consideration of "debt obligation of individuals," [the] policy does allow for certain deductions in calculating SNAP eligibility and amounts. There was no evidence presented to show deductions other than the [DHHR]'s use of [petitioner]'s shelter [deduction pursuant to Section 4.4.2.B.7 of the IMM] and the highest allowable standard utility allowance [pursuant to Section 4.4.2.C.1 of the IMM] should have been included in evaluating [petitioner]'s SNAP eligibility.

. . . .

The evidence and testimony presented showed by a preponderance of evidence that the [DHHR] was correct in denying [petitioner]'s SNAP application and renewal of his Medicare [p]remium [a]ssistance benefits.

Accordingly, by decision entered on February 11, 2020, the Board upheld the closure of petitioner's Medicare premium assistance benefits case and the denial of his SNAP application.

Petitioner appealed the Board of Review's February 11, 2020, decision to the circuit court. Following the receipt of the parties' pleadings, on April 21, 2020, the circuit court entered an order affirming the Board's decision. In that order, the circuit court noted that petitioner failed to designate a record for it to review in support of his appeal, but concluded that, "even without reviewing such record . . ., the petition for appeal fails on substantive grounds upon the [c]ourt's review of . . . [p]etitioner's raised grounds and legal issues presented therein."

The circuit court found that petitioner raised an equal protection claim by "arguing that he has been treated differently from unmarried individuals who file applications for [Medicare premium assistance benefits] and SNAP." The circuit court found that the DHHR had a legitimate interest in treating married individuals, such as petitioner, differently from unmarried individuals "in both ensuring that the individuals most in need . . . as determined by guidelines established by federal law receive said assistance, while also ensuring that individuals who possess income above a qualifying threshold not receive assistance that would be needed elsewhere." The circuit court reasoned that unmarried individuals "may not have . . . financial support" from their partners compared to married individuals, who commonly share their income, and that "[the] DHHR's policy of attributing a portion of an applicant's spouse's income to the applicant, such as in . . . [p]etitioner's case, for the purpose of [the] DHHR making an adequate determination as to the applicant's eligibility bears a rational relationship to" the legitimate interest of ensuring that those most in need of assistance receive it. Accordingly, the circuit court rejected petitioner's equal protection claim and affirmed the Board's February 11, 2020, decision upholding the closure of petitioner's Medicare premium assistance benefits case and the denial of his SNAP application.

Petitioner now appeals the circuit court's April 21, 2020, order affirming the Board of

Review's February 11, 2020, decision. "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)).

West Virginia Code § 9-2-13(l) provides, in pertinent part, that "[t]he process established by this section is the exclusive remedy for judicial review of final decisions of the Board of Review[.]" Pursuant to West Virginia Code § 9-2-13(j), the circuit court "may affirm the final decision or order of the [Board] or remand the matter for further proceedings" and "may reverse, vacate[,] or modify the final decision or order of the [Board] only if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, decision or order are: (1) In violation of constitutional or statutory provisions. . . ."

On appeal, petitioner argues that the DHHR's decisions to close his Medicare premium assistance benefits case and to deny his SNAP application were in violation of the Equal Protection Clauses of the United States and West Virginia Constitutions and in violation of the federal statutes governing SNAP, 7 United States Code §§ 2011 through 2036d. Specifically, petitioner argues that he is entitled to more exclusions and/or deductions from income than allowed by the DHHR's IMM. The DHHR counters that it gave petitioner all of the deductions and/or exclusions due him pursuant to 7 United States Code § 2014.

"To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Additionally, "'[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (Citation omitted.); *see State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." (Emphasis added.) Here, based on our review of the appellate record, we conclude that petitioner failed to argue before either the Board or the circuit court that the IMM was inconsistent with the governing federal law as to allowable exclusions and/or deductions.[3]

---

[3] As noted above, the appendix record of the underlying proceedings submitted by petitioner in support of his appeal is sparse. In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim."

Therefore, we decline to address this argument pursuant to Rule 10(c)(7). *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

With regard to petitioner's argument that the circuit court erred in finding that the DHHR's decisions to close his Medicare premium assistance benefits case and to deny his SNAP application did not violate equal protection principles, constitutional rulings "receive[ ] *de novo* consideration in this Court." *State ex rel. Roy Allen S. v. Stone*, 196 W. Va. 624, 629-30, 474 S.E.2d 554, 559-60 (1996) (citing Syl. Pt. 1, *Cooper*, 196 W. Va. at 164, 470 S.E.2d at 210).[4] "The concept of equal protection of the laws is inherent in article three, section ten of the West Virginia Constitution, and the scope and application of this protection is coextensive [with] or broader than that of the fourteenth amendment to the United States Constitution." Syl. Pt. 6, *Appalachian Power Co. v. State Tax Dept. of W.Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995). However, under the rational basis test, "which applies to all classifications not affecting a fundamental right or some suspect or quasi-suspect criterion[,] . . . a governmental classification will be sustained so long as it 'is rationally related to a legitimate state interest.'" *Id.* at 594, 466 S.E.2d at 445 (quoting *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985)). Furthermore, "[t]he presumption of validity that attends the use of the 'rational relationship' rule applies with special force to social and economic enactments." *Id.*

The DHHR argues that the circuit court properly found that petitioner's equal protection argument was without merit. We agree with the DHHR and concur with the circuit court's findings that (1) the DHHR had a legitimate interest in treating married individuals such as petitioner differently from unmarried individuals "in both ensuring that the individuals most in need . . . as determined by guidelines established by federal law receive said assistance, while also ensuring that individuals who possess income above a qualifying threshold not receive assistance that would be needed elsewhere; (2) unmarried individuals "may not have . . . financial support" from their partners compared to married individuals, who commonly share their income; and (3) "[the] DHHR's policy of attributing a portion of an applicant's spouse's income to the applicant, such as in . . . [p]etitioner's case, for the purpose of [the] DHHR making an adequate determination as to the applicant's eligibility bears a rational relationship to" the legitimate interest of ensuring that those most in need of assistance receive it. Therefore, we conclude that the circuit court properly

---

[4]In Syllabus Point 1 of *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996), we held that:

[g]enerally, findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. However, ostensible findings of fact, which entail the application of law or constitute legal judgments which transcend ordinary factual determinations, must be reviewed *de novo*. The sufficiency of the information presented at trial to support a finding that a constitutional predicate has been satisfied presents a question of law.

affirmed the Board of Review's February 11, 2020, decision upholding the closure of petitioner's Medicare premium assistance benefits case and the denial of his SNAP application.

 For the foregoing reasons, we affirm the circuit court's April 21, 2020, order.

Affirmed.

**ISSUED**: March 16, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton